IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERA DAVIS-CLEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-215-E-BN |
| | § | |
| UNITED STATES OF AMERICA and DEPARTMENT OF VETERANS AFFAIRS, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Vera Davis-Clewis filed a *pro se* complaint against Defendants United States of America and the Department of Veterans Affairs (the "VA") (collectively, "Defendants"). *See* Dkt. No. 3.

United States District Judge Ada Brown referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 1.

Defendants have filed a Motion to Dismiss. *See* Dkt. No. 37.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the Motion to Dismiss [Dkt. No. 37].

## Background

On January 28, 2025, Davis-Clewis, a federal employee, filed a complaint against Defendant Veteran Affairs Medical Center under the Federal Tort Claims Act

("FTCA"), alleging that she was incorrectly given a COVID vaccine instead of the flu vaccine that she requested. *See* Dkt. No. 3.

Davis-Clewis amended her complaint on March 5, 2025, naming the United States as the sole defendant. *See* Dkt. No. 6. And she amended a second time on July 1, 2025 to add the VA as a defendant. *See* Dkt. No. 20. She amended her complaint once more on August 25, 2025. *See* Dkt. No. 34.

Davis-Clewis alleges that on "April 25, 2023, while working in the vaccine clinic at the Dallas Veterans Affairs Medical Center, [she] approached the charge nurse to request a routine influenza (flu) vaccine." *Id.* at 2. But, instead of giving Davis-Clewis a flu vaccine, the nurse administered a COVID booster shot, which Davis-Clewis had already received the previous year. *See id.* at 4. "Shortly thereafter, she began experiencing adverse symptoms including nausea, pain at the injection site, headache, chills, chest pain, and extreme fatigue." *Id.*

On September 10, 2025, Defendants moved to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. No. 37.

Davis-Clewis responded, *see* Dkt. No. 46, and Defendants replied, *see* Dkt. No. 53.

**Legal Standards**

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction

rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The Court must dismiss a complaint for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (cleaned up). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). The plaintiff must demonstrate standing for each claim and form of relief sought. *See DaimlerChrysler Corp. v. Duno*, 547 U.S. 332, 352 (2006) (noting that "our standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press" and that "[w]e have insisted ... that a plaintiff must demonstrate standing separately for each form of relief sought" (cleaned up)).

The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject-matter jurisdiction, which is based

only on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

But, on a factual attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523. "When considering Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the district court must give the plaintiff an opportunity to be heard, particularly when disputed factual issues are important to the motion's outcome. In

some cases, an oral hearing may be indispensable due to the complicated factual disputes underlying the case." *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012) (footnotes omitted). But "an oral hearing is not always necessary if the parties receive an adequate opportunity to conduct discovery and otherwise present their arguments and evidence to the court." *Id.* at 319-20 (footnote omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

"The existence of subject matter jurisdiction is determined at the time of removal." *In re Bissonnet Inv. LLC*, 320 F.3d 520, 525 (5th Cir. 2023). To make this determination, the Court considers the claims in the state court petition as they existed at the time of removal. *See Juanopulos v. Salus Claims Mgmt. LLC*, 518 F. Supp. 3d 973, 975 (S.D. Tex. 2021) (citing *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002)).

**Analysis**

Davis-Clewis alleges that on April 27, 2023, she "reported the [vaccine] incident to the U.S. Department of Labor." Dkt. No. 34 at 5. She attached to her

operative complaint documents from the Department of Labor's Office of Workers' Compensation Programs ("OWCP") confirming receipt of her report. *See id.* at 20-23. Also attached to her complaint is a July 29, 2023 letter from the OWCP to Davis-Clewis informing her that "her claim for a traumatic injury on 04/25/2023 has been accepted for the following conditions: … adverse effect of other vaccines & biological substances." *Id.* at 37 (caps omitted).

Defendants contend that Davis-Clewis's claim is barred by the Federal Employees Compensation Act ("FECA"). *See* Dkt. No. 37 at 6.

"FECA provides compensation for a federal employee's personal injuries 'sustained while in the performance of his duty.'" *White v. United States*, 143 F. 3d 232, 234 (5th Cir. 1998) (citing 5 U.S.C. § 8816(c)).

> FECA was enacted in 1916 as "the first comprehensive injury-compensation statute for federal employees" who have sustained work-related injuries; such employees are entitled under FECA to compensation for medical expenses, lost wages, and vocational rehabilitation. *United States v. Lorenzetti*, 467 U.S. 167, 168, 169, 176 (1984); *see* 5 U.S.C. §§ 8102-8107. "'[Through FECA], employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.'" *Ramirez v. Walker*, 199 F. App'x 302, 307 (5th Cir. 2006) (per curiam) (quoting *Lockheed Aircraft Corp.*, 460 U.S. 190, 194 (1983). "The heart of the system is an implicit bargain; employees are granted surer and more immediate relief in return for foregoing more expensive rewards outside the system." *Gill v. United States*, 641 F.2d 195, 197 (5th Cir. Unit A. Feb. 1981). Thus, "[f]or injuries within its coverage, FECA's remedy is exclusive of any other remedy, including the FTCA." *White*, 143 F.3d at 232; *accord United States v. Brown*, 348 U.S. 110, 113 (1954).

*Banks v. United States*, 190 F. Supp. 3d. 618, 627 (E.D. Tex. 2016) (cleaned up).

And, so, the Fifth Circuit has held that FECA "bars an individual who has

received an award of compensation under the FECA from suing the United States for that injury under the FTCA." *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (citing *Grijalva v. United States*, 781 F.2d 472 (5th Cir. 1986), *cert. denied*, 479 U.S. 822 (1986)).

Davis-Clewis first argues that her claim should not be dismissed for lack of jurisdiction because she "followed the FTCA process" by filing an administrative claim before filing this lawsuit. Dkt. No. 46 at 8. She alleges and attaches evidence that, on June 12, 2023, she "filed a "Tort Claim Standard Form 95 with Veteran Affairs Medical Center." Dkt. No. 34 at 5; *see id.* at 29-32.

But this misconstrues Defendants' argument. Defendants move to dismiss because her FTCA claim is barred by FECA, not because she did not exhaust her administrative remedies under the FTCA.

Davis-Clewis also argues that her claim is not covered by FECA because "[her] claim is not a workers' compensation claim about a job injury." Dkt. No. 46 at 9. She explains that "[g]etting a vaccine was not part of [her] job duties, and the harm came from a medical error – not from doing her job." *Id.*

But Davis-Clewis already filed a claim with the OWCP for workers compensation, based on the incorrect vaccine she received on April 25, 2023, and the OWCP accepted her claim. *See* Dkt. No. 34 at 5, 20-23. Under these facts, her FTCA claim against Defendants is necessarily barred by FECA. *See, e.g.*, *Faraoni v. United States*, No. 6:24-cv-40-ADA-DNM, 2026 WL 1472431, at *1, *3 (W.D. Tex. May 8, 2026) (finding FECA was exclusive remedy for plaintiff's claims because "OWCP

accepted [plaintiff's] first claim and paid her $7,194.03 in medical benefits" and, so, "the Department of Labor already determined that FECA applie[d]").

Even considering Davis-Clewis's new assertion that her injury did not occur on the job, "either way the claims are viewed, they fall within FECA's preclusion on judicial review. No liability could be assessed in this case without first examining the conclusions of law and fact made by the Secretary in the FECA benefits determination. Such analysis is prohibited by FECA's 'strongly worded judicial door-closing statute.'" *Banks*, 190 F. Supp. 3d at 628 (quoting *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437 (7th Cir. 1996)); *accord* 5 U.S.C. § 8128(b) ("The action of the Secretary or his designee in allowing or denying a payment under this subchapter is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." (cleaned up)).

And, so, the undersigned finds that the Court lacks jurisdiction over Davis-Clewis's claims because they are barred by FECA. *See Banks*, 190 F. Supp. 3d at 630.

**Recommendation**

The Court should grant Defendants' Motion to Dismiss [Dkt. No. 37] and dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 2, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE