IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERA DAVIS-CLEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-215-E-BN |
| | § | |
| UNITED STATES OF AMERICA and DEPARTMENT OF VETERANS AFFAIRS, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Vera Davis-Clewis filed a *pro se* complaint against Defendants United States of America and the Department of Veterans Affairs (the "VA") (collectively, "Defendants"). *See* Dkt. No. 3.

United States District Judge Ada Brown referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 1.

After the Court accepted the magistrate judge's findings, conclusions, and recommendation (the "FCR") and entered judgment dismissing this lawsuit for lack of subject matter jurisdiction on July 17, 2026, *see* Dkt. Nos. 72, 73, & 74, Davis-Clewis filed a Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e). *See* Dkt. No. 75.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the Motion [Dkt. No. 75].

## Background

Davis-Clewis, a federal employee, filed a complaint against the United States of America and the VA under the Federal Tort Claims Act ("FTCA"), alleging that she was incorrectly given a COVID vaccine instead of the flu vaccine that she requested. *See* Dkt. Nos. 3, 6, 20 & 34.

Davis-Clewis alleges that on April 27, 2023, she "reported the [vaccine] incident to the U.S. Department of Labor." Dkt. No. 34 at 5. She attached to her operative complaint documents from the Department of Labor's Office of Workers' Compensation Programs ("OWCP") confirming receipt of her report. Dkt. No. 34 at 20-23. Also attached to her complaint is a July 29, 2025 letter from the OWCP to Davis Clewis informing her that "her claim for a traumatic injury on 04/25/2023 has been accepted for the following conditions: … adverse effect of other vaccines & biological substances." *Id.* at 37 (caps omitted).

On September 10, 2025, Defendants moved to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. No. 37. The undersigned United States magistrate judge recommended dismissal, finding that Davis-Clewis's FTCA claim against Defendants was necessarily barred by the Federal Employees Compensation Act ("FECA"), which provides compensation for a federal employee's personal injuries sustained while in the in the performance of her duties. *See* Dkt. No. 72 at 7-8. She did not file objections to the FCR, and the District Judge accepted and entered the judgment. *See* Dkt. Nos. 73 & 74.

## Legal Standard and Analysis

> Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (per curiam) (footnote omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

And a litigant "improperly invokes Rule 59(e) to rehash matters that have been thoroughly considered and rejected by the court." *Wardlow v. United States*, No. 4:04-CV-408, 2017 WL 4868229, at *5 (E.D. Tex. Oct. 26, 2017).

Davis-Clewis does not claim an intervening change in law or newly discovered evidence. Her Rule 59(e) Motion claims to identify three manifest errors. *See generally* Dkt. No. 75.

First, Davis-Clewis claims that the FCR misstates two dates – the date she filed her administrative claim with the VA (stated as June 12, 2023 but should read June 12, 2024) and the date that the OWCP accepted her claim (stated as July 29, 2023 but should read July 29, 2025). *See* Dkt. No. 75 at 3; *see also* Dkt. No. 72 at 6, 7. Davis-Clewis is concerned about the portrayal that her worker's compensation claim

was accepted before she filed this lawsuit, when it was not accepted until after. *See* Dkt. No. 75 at 3; *see also* Dkt. No. 77 at 2.

Defendants concede these typographical errors in the dates but argue the errors did not impact the FCR or judgment. *See* Dkt. No. 76 at 5. The Court agrees that when and if Davis-Clewis sought worker's compensation and when and if the claim was accepted were irrelevant to the Court's jurisdictional dismissal.

So, the typographical errors in the FCR incorrectly listing two dates do not provide a basis to alter the judgment under Rule 59(e). *See Green v. Director, TDCJ-CID*, No. 6:22-cv-00324, 2023 WL 11815573, at *1 (E.D. Tex. Oct. 23, 2023) (typographic error in motion to dismiss incorrectly citing petitioner's state court case number did not provide a basis for relief under Rule 59(e)).

To the extent Davis-Clewis seeks to correct the dates at issue on the public record, she can consider this FCR as doing so.

Second, Davis-Clewis claims that the FCR misstates a reference to removal and that her case was not removed. *See* Dkt. No. 75 at 3. However, the FCR references removal only in the context of explaining the Rule 59(e) legal standard. *See* Dkt. No. 72 at 5. The Court did not describe this case as a removed case and did not discuss removal in its analysis of the motion. *See* Dkt. No. 72 at 6-9.

Third, Davis-Clewis claims that the FCR should have specified that her dismissal was jurisdictional and requests the Court "make clear that the judgment does not adjudicate [her] entitlement to FECA benefits." Dkt. No. 75 at 2, 5. Davis-Clewis presents no authority for this proposition, and the Court is not aware of any.

And, a jurisdictional dismissal inherently makes clear that the merits of the case have not been adjudicated. *See Brown v. Brown*, 2026 WL 2752362 at *2 (N.D. Tex. Aug. 31, 2026), *rec. adopted*, No. 4:26-CV-867-O-BP, 2026 WL 2749216 (N.D. Tex. Sept. 15, 2026) ("Dismissals for lack of subject-matter jurisdiction do not concern the merits of a case").

Davis-Clewis also asks the Court to "distinguish claim acceptance and payment of a provider bill from money paid directly to [her]." Dkt. No. 77 at 4; *see also* Dkt. No. 75 at 5. As best the Court can discern, she takes issue with Defendant's reference to compensation in its September 10, 2025 Motion to Dismiss. *See* Dkt. No. 75 at 4-5. She claims that "the Court should avoid stating or implying that [she] personally received wage-loss or other monetary compensation that the record does not show," *see* Dkt. No. 75 at 5, by using "broad" phrasing when Davis-Clewis "did not receive a CA-7 wage-loss payment, schedule award, or other direct monetary payment." Dkt. No. 77 at 3-4. The record reflects Defendants' presentation of the facts and their argument. The Court should decline to correct Defendants' language in their Motion to Dismiss as requested by Davis-Clewis.

## Recommendation

The Court should deny Davis-Clewis's Motion to Alter Judgment [Dkt. No. 75].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 1, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE